UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TROY JOHNSON,

                              Plaintiff,

                                                                                          9:06-CV-0431
v.                                                                                   (GTS/DEP)

R. McCLURE, Corrections Officer; J. ROZELL,
Corrections Officer; P. McNALLY, Corrections Officer;
T. GRIFFEN, Corrections Captain; J. MICHAEL,
Corrections Sergeant; KIRKLEY, Corrections Sergeant;
R. CLARK, Corrections Officer; J. GILLE, Corrections
Officer; PREVOST, Corrections Officer; R. VLADYKA,
Corrections Officer; KEOGH, Corrections Officer;
F. NESMITH, Physicians Assistant; CARLTON,
Corrections Officer; HARVEY, Corrections Officer;
SHEMKUNIS, Psychiatrist, NYS Dept of Mental Health
for DOCS; G. GREEN, Superintendent, Great Meadow C.F.;
D. SELSKY, Director of Special Housing Unit; G. GOORD,
Commissioner of NYS DOCS; NEW YORK STATE DOCS;
STATE OF NEW YORK; N.C., Clinton C.F. Business Office
Clerk; SR. TURNER, Deputy Superintendent of Clinton C.F.,

                              Defendants.
_____

APPEARANCES:                                                 OF COUNSEL:

TROY JOHNSON, 98-A-2072
   Plaintiff, *Pro Se*
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011

HON. ANDREW M. CUOMO                        CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of New York      Assistant Attorney General
   Attorney for Defendants
The Capitol
Albany, New York 12224-0341

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court in this *pro se* prisoner civil rights action are Defendants' motion for summary judgment (Dkt. No. 65), and United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendants' motion be granted in its entirety (Dkt. No. 74). Plaintiff has not filed any Objections to the Report-Recommendation. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, Defendants' motion is granted in its entirety, and Plaintiff's Amended Complaint (Dkt. No. 5) is dismissed in its entirety.

## I. BACKGROUND

### A. Summary of Plaintiff's Amended Complaint

On May 8, 2006, Plaintiff filed an Amended Complaint in this action, asserting various claims against the New York state Department of Correctional Services ("DOCS"), twenty (20) DOCS employees, a former commissioner for the DOCS, and the state of New York ("Defendants"). (Dkt. No. 5.) Generally, in his Amended Complaint, Plaintiff asserts fifteen (15) causes of action against Defendants under the First, Eighth and Fourteenth Amendments, alleging that he was subject to beatings on multiple occasions, denied adequate medical care, and deprived of his due process rights with respect to a disciplinary proceeding following his attempted suicide in January of 2004. (*Id.*)

It is worth noting that, in his Amended Complaint, Plaintiff claims to have commenced multiple proceedings, pursuant to Article 78 of the New York Civil Practice Law and Rules, in the New York state courts arising out of the same events that Plaintiff complains of in the instant proceeding. (Dkt. No. 5.) Because neither Plaintiff nor Defendants have provided the Court with any materials regarding Plaintiff's Article 78 proceedings, all that is known regarding

Plaintiff's Article 78 proceedings is that Plaintiff has filed two separate Article 78 petitions, which resulted in awards of costs against Plaintiff in the total amount of $125 and the deduction of $100 from Plaintiff's inmate account.  Furthermore, on March 6, 2007, Plaintiff was afforded a trial regarding the claims currently pending before this Court, and that, in that trial, Court of Claims Judge Francis T. Collins issued a decision dismissing Plaintiff's claims.

### B.     Relevant Procedural History

On June 2, 2008, Defendants filed a motion for summary judgment, seeking dismissal of all claims based on both procedural and substantive grounds.  (Dkt. No. 65.)  Specifically, Defendants argue that Plaintiff failed to exhaust his administrative remedies, and that his claims are barred by the doctrine of collateral estoppel.  (Dkt. No. 65.)

On October 1, 2008, after being granted an extension of time by the Court, Plaintiff filed a response in opposition to Defendants' motion for summary judgment.  (Dkt. No. 71.)  In his response, apparently in an effort to rebut Defendants' collateral estoppel argument, Plaintiff argued, among other things, that he could not afford to appeal the unfavorable decision rendered against him by the New York Court of Claims regarding his excessive force/medical indifference claims, and that the Court of Claims "does not afford claimants poor person status on appeal." (Dkt. No. 71.)

On October 7, 2008, Defendants filed their reply to Plaintiff's response, in which they addressed Plaintiff's contention that the Court of Claims does not accept "poor person" appeals. (Dkt. No. 72.)  Specifically, Defendants argued that New York C.P.L.R. § 1101 allows for poor person appeals upon motion to the court for consideration. (Dkt. No. 72, at 3-5.)

On May 11, 2009, Magistrate Judge Peebles issued a Report-Recommendation

recommending that Defendants' motion be granted in its entirety. (Dkt. No. 74.) Familiarity with the grounds of Magistrate Judge Peebles' Report-Recommendation is assumed in this Decision and Order, and only those facts necessary to the discussion will be set forth herein.

Plaintiff did not submit any Objections to the Report-Recommendation.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir.1999).[2] Similarly, when a party makes no objection

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.   Standard Governing Motion for Summary Judgment

Magistrate Judge Peebles correctly recited the legal standards governing a motion for summary judgment. (Dkt. No. 74, at 9-11.) As a result, this standard is incorporated by reference in this Decision and Order.

## III.  DISCUSSION

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' thorough Report-Recommendation, the Court agrees with each of the findings and conclusions offered in the Report-Recommendation. Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation in its entirety, for the reasons stated therein. The Court notes that Magistrate Judge Peebles' Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 74) is hereby **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 65) is

**GRANTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 5) is **DISMISSED** in its entirety.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.[3]

Dated: July 28, 2009
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[3] While this fact is not taken into account in reaching its conclusion that an appeal from this Decision and Order would not be taken in good faith (and thus Plaintiff should not be permitted to proceed *in forma pauperis* during any appeal), the Court notes that, when he completed his *in forma pauperis* application on March 29, 2006, Plaintiff did not complete the Certification at the end of the form affidavit (*see* Dkt. No. 2, at 2), as required by this Court. Specifically, the completion of this certificate is required by Local Rule 7.1(b)(1)(A), a copy of which had previously been provided to the correctional facility at which Plaintiff is incarcerated. The Court notes also that the judges of this Court have repeatedly denied motions to proceed *in forma pauperis* based on this deficiency. *See, e.g., Resto v. Weissmane*, 08-CV-0340, 2008 WL 4021053, at *3 (N.D.N.Y. Aug. 25, 2008) (Kahn, J., adopting on *de novo* review report-recommendation by Lowe, M.J.) (denying motion to proceed *in forma pauperis* in part on plaintiff's failure to complete certificate portion of form affidavit), *accord*, *Ramos v. Doe*, 97-CV-1074, 1997 WL 627549, at *3 (N.D.N.Y. Oct. 9, 1997) (Pooler, J.), *Ortiz v. Walker*, 96-CV-1506, 1997 WL 405209, at *1 (N.D.N.Y. July 17, 1997) (Pooler, J.), *Caseras v. Goord*, 96-CV-1432, 1996 WL 743836, at *1 (N.D.N.Y. Dec. 20, 1996) (Pooler, J.), *Peterkin v. Androsko*, 96-CV-1382, 1996 WL 705872, at *1 (N.D.N.Y. Nov. 29, 1996) (Pooler, J.), *Vasquez v. Turner*, 96-CV-1161, 1996 WL 705880, at *1 (N.D.N.Y. Nov. 29, 1996) (Pooler, J.), *Moses v. Sokol*, 96-CV-1411, 1996 WL 705884, at *1 (N.D.N.Y. Nov. 29, 1996) (Pooler, J.). The Court notes also that a federal district court has the authority to rescind or vacate the *in forma pauperis* status previously granted if the court discovers that granting *in forma pauperis* status was improvident. *See, e.g., Johnson v. Connolly*, 07-CV-0158, 2008 WL 724167, at *7, n.15 (N.D.N.Y. March 17, 2008) (Kahn, J., adopting Report-Recommendation by Lowe, M.J.) [collecting cases].